

ENTERED
05/19/2021

## UNITED STATES BANKRUPTCY COURT FOR THE
## SOUTHERN DISTRICT OF TEXAS
## HOUSTON DIVISION

IN RE: §
　§
ROBBIN'S NEST FOR CHILDREN, LLC § Bankruptcy Case 20-33824-H5-11
　§
DEBTOR §

## ORDER CONFIRMING DEBTOR'S
## PLAN OF REORGANIZATION

Came on for consideration the Debtor's Plan of Reorganization pursuant to 11 U.S.C. § 1129(a) and 1129(b). After hearing evidence, the Court finds as follows:

1. The Disclosure Statement, the Plan, and a ballot for accepting or rejecting the Plan, have been transmitted to all creditors and parties in interest.

2. Notice of the hearing on confirmation of the Plan has been given in accordance with Title 11, United States Code, the Order of the Court and the Federal and Local Rules of Bankruptcy Procedure.

3. The Plan complies with all applicable provisions of the Bankruptcy Code and applicable Bankruptcy Rules relating to confirmation. It is therefore

ORDERED and ADJUDGED that:

1, The Plan, which is set out as Exhibit "A" hereto is hereby CONFIRMED under 11 U.S.C. §§ 1129(a) with the following modifications:

**Class 3(b) – Lender Creditors – Land**

**Mohamad Akbari and Ali Farasat –** These secured creditors are lenders for the purchase of the real property at 715 Elm Street, Fresno, Texas 77545, and each is owed $184,816.13. The Debtor will pay each of these two creditors as follows: Months 1-12 - $1,871.17/month; Months 13-72 - $3,121.15/month. The first monthly payment to each mortgagee will be due and payable on the 15th day of the first month following the first full calendar month after the effective date of the plan. Each mortgagee will provide their proper mailing address for payment to the Debtor within 14 days after confirmation of the plan. Each of these two mortgagees will retain their lien against the real property until the debt is paid in full.

2. In accordance with Section 1142 of the United States Bankruptcy Code, the Debtor is authorized and directed, without the necessity of any further approval, to immediately take any action necessary or appropriate to implement, effectuate, and consummate the Plan and any transactions contemplated thereby or by this Order in accordance with their respective terms.

3. Reorganized Debtor shall timely pay post-confirmation quarterly fees assessed pursuant to 28 U.S.C. § 1930(a)(6) until such time as this Bankruptcy Court enters a final decree closing this Chapter 11 case, or enters an order either converting the case to a case under Chapter 7 or dismissing this case. After confirmation, Reorganized Debtor shall file with the Bankruptcy Court and shall serve on the United States Trustee a financial report for each quarter, or portion thereof, that this Chapter 11 case remains open in a format prescribed by the United States Trustee.

Signed: May 19, 2021

Jeffrey P. Norman
United States Bankruptcy Judge

EXHIBIT A

UNITED STATES BANKRUPTCY COURT FOR THE
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

IN RE:                                          §
                                                §
ROBBIN'S NEST FOR CHILDREN, LLC   §   CASE NO 20-33824-H5-11
                                                §
                                                §

### DEBTOR'S PLAN OF REORGANIZATION

### ARTICLE I

### SUMMARY

This Plan of Reorganization (the "Plan") under chapter 11 of the Bankruptcy Code (the "Code") proposes to pay creditors of ROBBIN'S NEST FOR CHILDREN, LLC. ("Debtor") from future income.  This Plan provides for classes of secured creditors, priority creditors, equity interest holders and unsecured creditors. This Plan also provides for the payment of administrative claims. All creditors should refer to the provisions of this Plan for information regarding the precise treatment of their claim. A disclosure statement that provides more detailed information regarding this Plan and the rights of creditors and equity security holders has been circulated with this Plan. **Your rights may be affected. You should read these papers carefully and discuss them with your attorney, if you have one.  If you do not have an attorney, you may wish to consult one.**

### ARTICLE II

### CLASSIFICATION OF CLAIMS AND INTERESTS

1.   *Administrative Expenses*

Administrative expenses are costs or expenses of administering the Debtor's chapter 11 case which are allowed under § 507(a)(2) of the Code.  Administrative expenses also include the value of any goods sold to the Debtor in the ordinary course of business and received within 20 days before the date of the bankruptcy petition. The Code requires that all administrative expenses be paid on the effective date of the Plan unless a particular claimant agrees to a different treatment. The following chart lists the Debtor's estimated administrative expenses, and their proposed treatment under the Plan:

**Margaret M. McClure** – Ms. McClure holds a retainer balance in the amount of $22,418.20 and estimates fees and expenses in the amount of $25,000 and the Debtor is to pay any balance owed on the effective date of the plan.

**U.S. Trustee** – fees are current and will stay current until this case is closed.

**Texas Workforce Commission** – The Texas Workforce Commission has an administrative claim in the amount of $93.04. It will be paid in full on the effective date of the plan.

2. *Priority Unsecured Tax Claims*

**Texas Workforce Commission** – The Texas Workforce Commission has a priority unsecured claim in the amount of $1,042.21. The Debtor will pay this claim in full plus statutory interest within 5 years of the petition date in equal monthly installments. The payments will be approximately **$24.00** per month with the first monthly payments being due and payable on the 15th day of the first full calendar month following 60 days after the effective date of the plan. A failure by the reorganized Debtor to make a payment to the TWC pursuant to the terms of the Plan shall be an Event of Default. If the Reorganized Debtor fails to cure an Event of Default as to tax payments within ten (10) calendar days after service of written notice of default from the TWC, the TWC may (a) enforce the entire amount of its claim, (b) exercise all rights and remedies under applicable non-bankruptcy law, and (c) seek such relief as may be appropriate in this court. Notice of the default shall be served by first class mail upon the reorganized Debtor at: 715 Elm Street, Fresno, Texas 77545, Attn: Robbin Croskey, and upon Debtor's attorney at: 909 Fannin, Suite 3810, Houston, TX 77010, Attn: Margaret Maxwell McClure; margaret@mmmclurelaw.com.

The Debtor shall be allowed to cure up to two (2) defaults. Upon a third default, the TWC, at its option, may declare the default non-cureable and proceed to collect the remainder of the debt.

**This class is impaired**

3. *Secured Claims*

Allowed Secured Claims are claims secured by property of the Debtor's bankruptcy estate (or that are subject to set-off) to the extent allowed as secured claims under § 506 of the Code. If the value of the collateral or setoffs securing the creditor's claim is less than the amount of the creditor's allowed claim the deficiency will be classified as a general unsecured claim. The following chart lists all classes containing Debtor's secured pre-petition claims and the proposed treatment under the Plan:

**Class 3(a)**

**Secured Taxing Authority Creditors**

**Fort Bend County** filed a secured claim for $13,096.90. The Debtor will pay this claim in full plus statutory interest within 5 years of the petition date in equal monthly installments. The payments will be approximately **$345.00** per month with the first monthly payments being due and payable on the 15th day of the first full calendar month following 60 days after the effective date of the plan. Fort Bend County will retain its pre-and post-petition tax liens until all amounts due have been paid in full. The Debtor will pay the 2021 and subsequent post-petition taxes in the ordinary course of business prior to delinquency. In the event the Debtor does not make a payment required by the Plan, Fort Bend County will send notice of the default to the Debtor and Debtor's counsel and the Debtor will have 15 days to cure the default or defaults including the payment of

interest that has accrued after the default. Fort Bend County is not required to give any notice of a default in the payment of post-petition taxes. Fort Bend County is required to give only two (2) notices of default under the Plan. If a default is not cured or a third default occurs Fort Bend County is entitled to take any and all action authorized under Texas law to collect the tax amounts due as calculated under Texas law in state court without further order of the bankruptcy court.

**Fort Bend Independent School District** filed a secured claim for $11,280.11. The Debtor will pay this claim in full plus statutory interest within 5 years of the petition date in equal monthly installments. The payments will be approximately **$297.00** per month with the first monthly payments being due and payable on the 15th day of the first full calendar month following 60 days after the effective date of the plan. Fort Bend ISD will retain its pre-and post-petition tax liens until all amounts due have been paid in full. The Debtor will pay the 2021 and subsequent post-petition taxes in the ordinary course of business prior to delinquency. In the event the Debtor does not make a payment required by the Plan, Fort Bend ISD will send notice of the default to the Debtor and Debtor's counsel and the Debtor will have 15 days to cure the default or defaults including the payment of interest that has accrued after the default. Fort Bend ISD is not required to give any notice of a default in the payment of post-petition taxes. Fort Bend ISD is required to give only two (2) notices of default under the Plan. If a default is not cured or a third default occurs Fort Bend ISD is entitled to take any and all action authorized under Texas law to collect the tax amounts due as calculated under Texas law in state court without further order of the bankruptcy court.

**This class is impaired**

**Class 3(b)**

**Lender Creditor – Land**

**Mohamad Akbari** – Mohamad Akbari has filed a secured claim for $184,816.13. The payment on this mortgage will be $1,120.00 per month for 240 months, including 4% interest. The mortgagee will hold his liens through the deed of trust until the debt is paid in full.

**Ali Farasat** – Ali Farasat has a secured claim for $184,816.13. The payment on this mortgage will be $1,120.00 per month for 240 months, including 4% interest. The mortgagee will hold his liens through the deed of trust until the debt is paid in full.

**United States Small Business Administration** – The SBA has a claim for $265,000. This debt will be paid in 360 monthly payments with the first payment being due and payable on the 15th day of the first month following the first full calendar month after the effective date of the plan. The interest rate will be 3.5% and the monthly payment will be $1,190.00.

**This class is impaired**

4. *General Unsecured Claims*

**Class 4 – General Unsecured Claims**

General unsecured claims are not secured by property of the estate and are not entitled to priority under § 507(a) of the Code. There are no unencumbered assets for these claims to attach.

**General unsecured creditors** that are allowed will each be paid 10% of their claims over 60 months. The payments will be monthly and the first payment is due and payable on the 15th day of the first full month following the effective date of the plan. Further, the allowed general unsecured creditors will be paid as much of the balance of what they are owed as possible and will be mailed ROBBIN'S NEST FOR CHILDREN, LLC'S previous year's financial statement each year for five years, during the term of the five-year Plan, on or about May 1st each year, beginning on May 1, 2022, and thereafter on or about May 1, 2023, May 1, 2024, May 1, 2025, and May 1, 2026. Each year, if the Reorganized Debtor made a profit, after income taxes, and after making all priority and secured plan payments and normal overhead payments, the Reorganized Debtor shall pay to the allowed unsecured creditors their pro-rata share of 25% of the net profit for the previous year, in twelve monthly payments beginning on June 15th of the year in which the financial statement is mailed to these creditors. Each year, during the term of the five-year Plan, the Reorganized Debtor will repeat the 12-month payment plan to the allowed unsecured creditors if the Reorganized Debtor made a net profit the previous year as reflected in the previous year's financial statement. This payout will not exceed five years, and at the end of the five-year Plan term, the remaining balance owed, if any, to the allowed unsecured creditors will be discharged.

**This class is impaired**

5. *Insider Claims*

Insiders will not be paid any pre-petition claims during the term of the Plan and their claims will be discharged upon confirmation of the Plan.

6. *Equity Interest Holders*

Equity interest holders are parties who hold an ownership interest (i.e., equity interest) in ROBBIN'S NEST FOR CHILDREN, LLC. The member is Robbin Croskey.

## ARTICLE III

## ALLOWANCE AND DISALLOWANCE OF CLAIMS

Disputed Claim. A disputed claim is a claim that has not been allowed or disallowed by a final non-appealable order, and as to which either: (i) a proof of claim has been filed or deemed filed, and the Debtor or another party in interest has filed an objection; or (ii) no proof of claim has been filed, and the Debtor has scheduled such claim as disputed, contingent, or unliquidated.

Delay of Distribution on a Disputed Claim. No distribution will be made on account of a disputed claim unless such claim is allowed by a final non-appealable order.

Settlement of Disputed Claims. The Debtor will have the power and authority to settle and compromise a disputed claim with court approval and compliance with Rule 9019 of the Federal Rules of Bankruptcy Procedure.

Claim Objections. The Debtor shall have 60 days from the Effective Date of the Plan to file objections to claims.

Vesting of Property. On the Effective Date, title to all assets and properties dealt with by the Plan shall vest in Reorganized Debtor, free and clear of all claims and interests other than any contractual secured claims granted under any lending agreement, on the condition that Reorganized Debtor complies with the terms of the Plan, including the making of all payments to creditors provided for in such Plan. If Reorganized Debtor defaults in performing under the provisions of this Plan and this case is converted to a case under chapter 7, all property vested in Reorganized Debtor and all subsequently acquired property owned as of or after the conversion date shall re-vest and constitute property of the bankruptcy estate in the converted case.

Default – Any creditor remedies allowed by 11 U.S.C. § 1112(b)(4)(N) shall be preserved to the extent otherwise available at law. In addition to any rights specifically provided to a claimant treated pursuant to this Plan, a failure by the Reorganized Debtorto make a payment to a creditor pursuant to the terms of this Plan shall be an event of default as to such payments if the payment is not cured within thirty (30) days after mailing written notice of default from such creditor to the Reorganized Debtor.Then the creditor may exercise any and all rights and remedies under applicable non-bankruptcy law to collect such claims or seek such relief as may be appropriate in the United States Bankruptcy Court.

## ARTICLE IV

## PROVISIONS FOR EXECUTORY CONTRACTS AND UNEXPIRED LEASES

Assumed Executory Contracts and Unexpired Leases.

The Debtor assumes the following executory contracts and/or unexpired leases effective upon the "effective date of this Plan:" None. The Debtor will be conclusively deemed to have rejected all executory contracts and/or unexpired leases not expressly assumed above, or before the date of the order confirming this Plan, upon the "effective date of this Plan." A proof of a claim arising from the rejection of an executory contract or unexpired lease under this section must be filed no later than sixty (60) days after the date of the order confirming this Plan.

## ARTICLE V

## MEANS FOR IMPLEMENTATION OF THE PLAN

This Plan of Reorganization will be funded by the Reorganized Debtor through future business income of the Debtor. The current management will remain in control.

## ARTICLE VI

## GENERAL PROVISIONS

<u>Definitions and Rules of Construction.</u> The definitions and rules of construction set forth in §§ 101 and 102 of the Code shall apply when terms defined or construed in the Code are used in this Plan.

<u>Effective Date of Plan.</u> The effective date of this Plan is the fifteenth business day following the date of the entry of the order of confirmation. But if a stay of the confirmation order is in effect on that date, the effective date will be the first business day after that date on which no stay of the confirmation order is in effect, provided that the confirmation order has not been vacated.

<u>Severability</u>. If any provision in this Plan is determined to be unenforceable, the determination will in no way limit or affect the enforceability and operative effect of any other provision of this Plan.

<u>Binding Effect</u>. The rights and obligations of any entity named or referred to in this Plan will be binding upon, and will inure to the benefit of the successors or assigns of such entity.

<u>Captions</u>. The headings contained in this Plan are for convenience of reference only and do not affect the meaning or interpretation of this Plan.

<u>Controlling Effect</u>. Unless a rule of law or procedure is supplied by federal law (including the Code or the Federal Rules of Bankruptcy Procedure), the laws of the State of Texas govern this Plan and any agreements, documents, and instruments executed in connection with this Plan, except as otherwise provided in this Plan.

<u>Disputed Claims.</u>  All claims that were listed in the schedules as "disputed" required the filing of a proof of claim.  If no proof of claim was timely filed, the claimant will not be paid under this Plan of Reorganization.

<u>Late-Filed Claims.</u>  Any late-filed claims shall not be allowed claims, and shall not be paid under this Plan of Reorganization.

## ARTICLE VII

## DISCHARGE

On the confirmation date of this Plan, ROBBIN'S NEST FOR CHILDREN, LLC will be discharged from any debt that arose before confirmation of this Plan, subject to the occurrence of the effective date, to the extent specified in § 1141(d)(1)(A) of the Code, except that the Debtor will not be discharged of any debt: (i) imposed by this Plan; (ii) of a kind specified in § 1141(d)(6)(A) if a timely complaint was filed in accordance with Rule 4007(c) of the Federal Rules of Bankruptcy Procedure; or (iii) of a kind specified in § 1141(d)(6)(B).

Dated March 25, 2021.

/s/ Margaret M. McClure
_____
Margaret M. McClure, Attorney for Debtor